# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN JAMES MANGANI, *et al.*,

    Plaintiffs,

v.

MERCK & COMPANY, INC., *et al.*,

    Defendants.

Case No. 2:06-CV-00914-KJD-PAL

**ORDER**

    Presently before the Court is Defendant Merck & Company, Inc.'s Motion to Stay (#5). Plaintiff filed a response in opposition (#11) to which Defendant replied (#16).

I.  Background

    Plaintiffs seek to recover damages related to an alleged increase in health risks, including heart attack and stroke, resulting from Plaintiffs' ingestion of Vioxx, an anti-inflammatory medication manufactured by Defendant Merck & Company, Inc. ("Merck").  Pursuant to the order of the Judicial Panel on Multidistrict Litgation, the United States District Court for the Eastern District of Louisiana ("MDL 1657") is coordinating hundreds of actions regarding Vioxx pursuant to the multidistrict coordination statute, 28 U.S.C. § 1407.  Defendant Merck has requested a stay in the proceedings pending transfer to MDL 1657.

    Merck argues in favor of a stay of all proceedings before this court until such time as the Panel issues a final decision regarding the possible transfer of the case.  Merck argues that a stay would conserve judicial resources and ensure uniformity of decision among the various Merck

actions. Plaintiffs assert that the most efficient course of action would be for the Court to address their pending motion to remand, before a final decision on transfer is reached by the Panel. Plaintiffs argue that their motion to remand is meritorious, that it is best addressed by this Court, and that they would be unduly prejudiced by having to wait for the MDL court to address the motion to remand.

II.  Standard

MDL No. 1657 was created to centralize Vioxx litigation, such as this one, in order to eliminate duplicative discovery, prevent inconsistent or repetitive rulings, and conserve the resources of the parties, their counsel and the judiciary. See In re Vioxx Products Liability Litigation, 360 F. Supp.2d 1352 (J.P.M.L. 2005). "District courts have inherent authority to stay proceedings before them." Rohan ex. rel. Gates v. Woodford, 334 F.3d 803, 817 (9th Cir. 2003). The decision whether to stay a civil action is left to the sound discretion of the district court. Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). When considering a motion to stay proceedings pending a possible transfer to an MDL court, a district court may consider factors such as any potential prejudice to the non-moving party, hardship or inequity to the moving party if the proceedings are not stayed, and the interests of judicial economy and efficiency. Id.

III.  Analysis

Plaintiffs' Motion to Remand (#8) challenges the legitimacy of Defendants' removal of this case to the federal courts on the basis of the alleged fraudulent joinder of the "Detailer Defendants". "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." In re Diet Drugs v. American Home Products, 220 F. Supp.2d 414, 419 (E.D. Pa. 2002)(internal quotations omitted). "The presence of a party fraudulently joined cannot defeat removal." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). When considering "a defendant's assertion that joinder of another defendant was a sham to defeat removal, the District Court must determine the facts from the evidence...and not decide

automatically in favor of remand simply because some facts may be said to be in dispute." In re Diet Drugs, 220 F. Supp.2d at 420.

The hundreds of Vioxx cases currently pending before MDL 1657 present similar factual and legal issues regarding both the effects of Vioxx and remand issues such as fraudulent joinder. Because MDL 1657 is gaining ample experience examining the relevant facts for fraudulent joinder analysis, the interests of consistency, economy and fairness support their addressing the present remand issue. Nevertheless, this Court is well aware of the costs of a stay, especially the substantial delay that could result from an indefinite stay. Therefore, the stay will be limited to ninety (90) days, at which time the status of the application for transfer in the MDL 1657 court must be reassessed, and application for stay renewed.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Merck's Motion to Stay (#5) is **GRANTED**;

IT IS FURTHER ORDERED that proceedings in this case are **STAYED** pending a final decision by the Panel regarding possible transfer or ninety (90) days whichever comes first;

IT IS FURTHER ORDERED that Defendant Merck shall file a Status Report within thirty (30) days of the entry of this order notifying the Court of the date that it filed Notice with the MDL Panel of the pendency of this action; if Notice has not been filed in accordance with Rule 7.5 of the Rules of Procedure of the J.P.M.L. Defendant Merck will show cause within thirty (30) days of the entry of this order why the stay should not be lifted.

DATED this 15th day of September 2006.

_____
Kent J. Dawson
United States District Judge